Jeanie A. NELSON, Plaintiff,

v.

BLACK & COMPANY, INC., an Oregon corporation, Defendant.

Civ. No. 86–966–FR.

United States District Court, D. Oregon.

April 20, 1987.

William P. Horton, Parks, Allen, Livingston & Greif, Portland, Or., for plaintiff.

Barnes H. Ellis, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for defendant.

## OPINION

FRYE, Judge:

The matters before the court are the cross motions for summary judgment of plaintiff, Jeanie A. Nelson, and defendant, Black & Company, Inc. (Black), pursuant to Fed.R.Civ.P. 56.

### Undisputed Facts

Vance Wilcox, a former employee of Black, is a personal friend of Nelson. Wilcox had first served as Nelson's account representative when Wilcox was employed by Dean Witter Reynolds, Inc. Thereafter, Wilcox left Dean Witter Reynolds, Inc. to become employed by Prudential-Bache Securities, Inc. Nelson transferred her accounts there so that Wilcox would continue to act as her account representative. In July of 1984, Wilcox left Prudential-Bache Securities, Inc. to join Black. Nelson then transferred her accounts to Black.

In late July or early August of 1984, Wilcox met with Nelson in her home regarding the investment of $10,000. After they discussed various methods of investing the funds, Nelson gave Wilcox a check for $10,000 made payable to Wilcox personally. On the same date, Wilcox gave Nelson a promissory note signed by himself in the amount of $10,000. Nelson had prepared the promissory note as well as a repayment schedule. Nelson was familiar with these types of documents from her prior employment at a bank. In April of 1985, a transaction for $50,000 was completed in a substantially similar manner.

In June of 1985, Wilcox contacted Nelson and stated that he needed $10,000 for a margin account. As had been done in the prior transactions, Nelson gave Wilcox a check made payable to Vance Wilcox, and Wilcox gave Nelson a promissory note signed by himself.

Wilcox made interest payments on the first two promissory notes until July of 1985. Wilcox used cash and personal checks to make the payments. In April of 1986, Wilcox filed for bankruptcy, listing the $70,000 "personal loan" to Nelson as one of his debts. Nelson was notified of the bankruptcy proceeding and filed a proof of claim. She received a disbursement check for $363.55 from the trustee in bankruptcy.

Wilcox left the employ of Black sometime after May 3, 1985. Black, as Wilcox's employer, had the right to control Wilcox's conduct of the securities business that he conducted on behalf of Black. Black had no actual knowledge of these transactions between Nelson and Wilcox until it was informed by Nelson in March of 1986.

Black had an employees' manual entitled "Black & Co., Inc. Policy Manual" which contains various rules and regulations governing the employment conduct of its registered representatives. The manual contains in-house rules and regulations of Black, as well as excerpts from the rules and regulations of various securities exchanges. No one from Black asked Wilcox to review the policy manual, and Wilcox was never tested on the contents of the manual. No one from Black asked Wilcox if he was violating any of the rules described in the manual.

Wilcox used the first $10,000 he received from Nelson to pay a debt which he owed Black due to a margin error he had made. Wilcox was not asked by Black where he obtained this money or about his personal financial condition.

### Applicable Law

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party is entitled to a judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Cellotex Corp. v. Catrett,* 477 U.S. 317, ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence

in the record. *Id.* Summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for a nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2507, 91 L.Ed.2d 202 (1986).

1) Black's Liability as a Controlling Person Under Federal Law.

■ Secondary liability for violations of the Securities Exchange Act of 1934 is imposed on "controlling persons" by Section 20(a) of the Act, which provides:

Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

In order to establish that Black is a controlling entity for purposes of section 20(a), Nelson must show (1) that Black had actual power or influence over Wilcox, and (2) that Black was a culpable participant in the illegal activity of Wilcox. *Christoffel v. E.F. Hutton & Co., Inc.*, 588 F.2d 665, 668 (9th Cir.1978).

■ An employee is presumptively under the "control" of his employer. *Zweig v. Hearst Corporation*, 521 F.2d 1129, 1134 (9th Cir.1975). The parties agree that Black employed Wilcox, and that as his employer Black had the right to control the conduct of Wilcox in doing business on behalf of Black.

■ "Culpable participation" may include indirect participation. *Buhler v. Audio Leasing Corp.*, 807 F.2d 833, 837 (9th Cir.1987); *Kersch v. General Counsel of Assemblies of God*, 804 F.2d 546, 550 (9th Cir.1986); *Hecht v. Harris, Upham & Co.*, 283 F.Supp. 417, 439 (N.D.Cal.1968), *modified on other grounds*, 430 F.2d 1202 (9th Cir.1970). A brokerage house may be subject to secondary liability under section 20(a) for failure to supervise its employees under certain circumstances. *See Kersch*, 804 F.2d at 550; *Hecht*, 430 F.2d at 1211. While mere inaction on the part of a brokerage house is an inadequate basis for imposing controlling person liability, *Christoffel*, 588 F.2d at 669, inaction in the form of failure to supervise coupled with additional facts may result in secondary liability under section 20(a). *See Hecht*, 283 F.Supp. at 439.

■ Nelson has provided no evidence that Black participated in the transactions between Nelson and Wilcox. The only basis for Nelson's contention that Black is a "controlling person" is Black's alleged inadequate supervision of Wilcox. Although Black may have actually "received a benefit" from the transactions in that Wilcox used the money he received from Nelson to pay a debt he owed to Black, this is not the type of benefit which establishes culpable participation.

This case is not like *Hecht* in which the broker-dealer received income from transactions which it knew were occurring. Black had no knowledge that the money which Wilcox paid to it was received from Nelson. Black did not encourage Wilcox's conduct by giving him commissions for this type of transaction. The mere coincidence that Wilcox used a small portion of the money which he fraudulently obtained from Nelson to pay a debt he owed to Black is insufficient to establish culpable participation on the part of Black.

Black had no actual knowledge of the transactions between Wilcox and Nelson. Furthermore, Black had express rules against transactions of this kind. Black received no income from the transaction, and the transactions took place, for the most part, in Nelson's home. Nelson made her checks payable to Wilcox in spite of the fact that in previous transactions which went through Black she had made the checks payable to Black. Nelson prepared the promissory notes, which listed Wilcox as the obligor rather than Black. There is no basis for finding that Black engaged in culpable participation in this transaction.

Since Black is not a culpable participant in the transaction between Nelson and Wil-

cox, it cannot be held liable as a controlling person under section 20(a). Therefore, Black's motion for summary judgment on Nelson's rule 10b–5 claim is granted. Nelson's motion for summary judgment on her rule 10b–5 claim is denied.

2) Nelson's State Law Claims.

 "If federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The federal court should exercise its discretion in order to avoid needless decisions of state law issues. *Id.*

The claims remaining before the court are all based on state law. This court declines to entertain these claims, as they can and should be litigated in state court. Therefore, Black's motion to dismiss Nelson's remaining state law claims is granted. Nelson's motion for summary judgment on her state law claims is denied.

Counsel for Black shall prepare the appropriate documents to dispose of this case.